UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ERIN THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. |
| | ) |
| MSC INDUSTRIAL SUPPLY | ) 3:07CV0509 RL |
| COMPANY, d/b/a SID Tool, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Erin Thomas (hereinafter "Thomas"), by counsel, for her cause of action against Defendant, MSC Industrial Supply Company d/b/a SID Tool, (hereinafter "Defendant"), alleges and states as follows:

### I. Nature of the Case

1. Thomas brings this action pursuant to Title VII of the Civil Rights Act of 1964 (hereinafter 'Title VII'), 42 U.S.C. sections 2000e, et. seq., as amended, 42 U.S.C. section 2000 e et seq,. 1981 a. Thomas was subjected to a hostile work environment because of her sex, female. Further, Defendant failed to take prompt and corrective action to prevent the harassment and retaliated against Thomas for complaints about the discriminatory and harassing behavior.

### II. Parties

2. At all times relevant to this action, Thomas resided within the geographical boundaries of the Northern District of Indiana.

3. At all times relevant to this action, Defendant operated a business within the geographical boundaries of the South Bend Division, Northern District of Indiana.

### III. Jurisdiction and Venue

4. This Court has jurisdiction over the subject matter of this Complaint pursuant to 42 U.S.C. §2000e-(5)(f) and 28 U.S.C. §1331.

5. Thomas was an "employee" as that term is defined by 42 U.S.C. §2000e(f).

6. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

7. Thomas satisfied her obligation to exhaust her administrative remedies by timely filing a charge with the U.S. Equal Employment Opportunity Commission, receiving the appropriate *Dismissal and Notice of Suit Rights*, and timely filing this Complaint within ninety (90) days thereof.

8. As all events pertinent to this lawsuit occurred within the South Bend Division of the Northern District of Indiana, venue in this Court is proper.

### IV. Factual Allegations

9. Thomas, a female, was hired by Defendant on or about November 30, 1998. Thomas held a position of Receiving Associate while employed by Defendant.

10. At all relevant times, Thomas met or exceeded all legitimate expectations of her employment.

11. During the course of Thomas' employment and in the weeks immediately prior to her termination, Thomas reported that female coworkers were subject to actions and harassment of a sexual nature. Said harassment was so pervasive and severe as to alter the employment conditions of female employees and created an intimidating, hostile, offensive and abusive working environment

12. Thomas never received, either verbally or in writing, any instruction regarding any policy Defendant may have had regarding sexual harassment in the workplace. The conduct continued in spite of Thomas' complaints. The most recent complaints were made to Thomas' supervisor, Gary Finley, on May 4th and May 5th of 2006, and Thomas was terminated on May 11th of 2006.

13. Defendant failed to take reasonable actions designed to remedy the harassment.

14. Thomas contacted Gary Finley and complained about the working conditions for herself and other female employees and during these conversations, matters did heat up and some profanity was used. Within hours, Thomas was confronted by Sam Lash, the Elkhart H.R. manager and Randy Guernsey, the manager. These management representatives have the ability to hire, fire or control the working conditions of employees on behalf of the Defendant. This meeting involved Thomas complaining about harassment and retaliation to Finley and Finley in turn complaining about the use of profanity.

15. One week after management spoke to Thomas about her concerns with regard to the sexual harassment and retaliation, she was terminated by Defendant allegedly for violation of company policy on profanity.

16. Said discharge was completely a pretext as it is not and was not uncommon for profanity to be used in the tool shop. Defendant has accorded more favorable treatment to similarly-situated employees who are male and who have not engaged in statutorily protected activity.

## V. Legal Counts

### COUNT I - TITLE VII RETALIATION

17. Thomas hereby incorporates paragraphs one (1) through sixteen (16) of her Complaint herein.

18. Defendant unlawfully retaliated against Thomas because she engaged in protected activity in violation of her rights as protected by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq.

19. Defendants actions were intentional, willful and in reckless disregard of Thomas' rights under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000e et seq.

20. Thomas has suffered damages as a result of Defendant's unlawful actions.

### COUNT II SEX DISCRIMINATION

21. Thomas hereby incorporates paragraphs one (1) through twenty (20) of her Complaint.

22. Defendant discriminated against Thomas on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. section2000e et seq.

23. Thomas suffered damages as a result of Defendant's unlawful actions.

### COUNT III VIOLATION OF TITLE VII SEX HARASSMENT

24. Thomas hereby incorporates paragraphs one (1) through twenty-three (23) of her Complaint.

25. Defendant unlawfully harassed Thomas and created and/or allowed the existence of a hostile work environment on the basis of Thomas' sex, female, in violation of her rights as protected by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

26. Defendant's actions were intentional, willful and in reckless disregard of Thomas' rights as protected by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

27. Thomas has suffered damages as a result of Defendant's unlawful actions.

## VI. Relief Sought

Wherefore, Plaintiff, Erin Thomas, by counsel respectfully requests that this Court enter judgment in her favor and:

a) Reinstatement with lost pay, lost benefits and seniority, or in lieu of reinstatement, front pay and benefits;

b) Order Defendant to pay Thomas all lost wages and benefits;

c) Order Defendant to pay Thomas compensatory damage;

d) Order Defendant to pay Thomas punitive damages for its intentional violation of federal law;

e) Order Defendant to pay pre- and post-judgment interest on all sums recoverable;

f) Order Defendant to pay Thomas' attorneys fees and costs incurred; and

g) Order all other relief that is just and proper.

Respectfully Submitted,

John H. Haskin (#7576-49)
Keith J. Brown
HASKIN LAUTER & LARUE
255 North Alabama Street
Indianapolis, Indiana 46204
Tel (317) 955-9500
Fax (317) 955-2570
Jhaskin@hlllaw.com
Kbrown@hllglaw.com
Attorneys for Plaintiff, Erin Thomas

## VI. Demand for Trial by Jury

Plaintiff, Erin Thomas, by counsel, respectfully requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,

John H. Haskin
Keith J. Brown
HASKIN LAUTER & LARUE
255 North Alabama Street
Indianapolis, Indiana 46204
Tel (317) 955-9500
Fax (317) 955-2570
Jhaskin@hlllaw.com
Kbrown@hhlglaw.com
Attorneys for Plaintiff, Erin Thomas